LEO GATTONI, petitioner,

*v.*

EDITH CLAUSEN GATTONI, defendant.

[Decided September 7th, 1939.]

*Messrs. Leven, Comen & Levenson (Mr. Abe D. Levenson),* for the petitioner.

*Mr. Carl Weitz,* for the defendant.

VAN WINKLE, A. M.

On this application in this annulment suit, for a physical examination before trial of the defendant wife, I perceive no reason why the application should not be granted at the proper time, that is, not now, but on final hearing after evidence has been taken and it appears that such an examination should necessarily be ordered that the court may ascertain the truth respecting the charges in the petition that the defendant was afflicted with tuberculosis at the time of the marriage, which fact she concealed from the petitioner.

Counsel for the wife argued that this court had no power to direct, now or later, that the wife be examined to ascertain if she were afflicted with tuberculosis at the time of the marriage. His argument really was only that there was no express precedent in New Jersey for such a direction in a tuberculosis case, and so no such direction should be made. He conceded that orders for physical examinations might validly be made in impotency cases and cases of nonconsummation; and he made no argument based on any distinction between cases where fraud was alleged and cases where fraud was not alleged.

I think it is entirely clear that this court has an inherent right to order a physical examination of a party in any cause where fraud is alleged, as in this case; but I think that the court should not, in any case, order an examination before final hearing. I think such an examination should be a part of the final hearing; that it should not be ordered until on final hearing the court has sufficiently heard the evidence to know that a party applying for an examination has not disentitled himself, and that such an examination is necessary to enable the court to ascertain the truth of the charges.

And I think it clear that an examination may be ordered in a case where no fraud is alleged. Conceivably, supposing complete innocency, a party might be incurably impotent at

the time of his marriage and not know it, and there be no fraud on his part in marrying. In such a case, with no fraud alleged, I think the court may order an examination.

Where the charge is based on an alleged physical condition, whether the charge relates for instance, to impotency or tuberculosis, if, at the hearing it appears to the court that such an examination should be made to ascertain the truth, and if it should also then appear that the other party has not disentitled himself by his conduct, ratification, for instance, an order should be made. But only on a hearing can the court be sufficiently informed to properly decide that an order for the examination of the person of a party charged should be made against the objection of that party.

*Yelin* v. *Yelin (1932), 142 N. Y. Misc. 533,* a tuberculosis case, is called to my attention by counsel for the husband. In that case the court held that the court of chancery had inherent power to order a physical examination of a party; that such an examination was the shortest way to arrive at the truth; that such an examination may be ordered where the necessities of the case require; that before an examination be ordered the court should first ascertain that the same is necessary, that is, essential to a proper decision of the cause.

"The objection which the defendant most earnestly takes to this order is that the court has no authority to grant one requiring a physical examination of the defendant. In my opinion such objection is not well taken. The old court of chancery never refused, that I can discover, to exercise such authority. On the contrary, it would never grant a decree annulling a marriage on that ground until such an examination had been made by a competent and disinterested surgeon named or approved by the court, and such an examination would be directed and the defendant ordered to submit thereto upon the court's own motion, in the event that neither party applied, upon the ground that public policy required proof of such charge in order to warrant the dissolution of the marriage contract on that count. Any less efficient proof was clearly so liable to collusion that it was deemed insufficient and unsatisfactory." *Gore* v. *Gore (1905), 103 N. Y. App. Div. 168.*

This case of *Gore* v. *Gore,* a case in which a husband's physical incapacity was alleged, confirms my views, not only that this court has inherent power to order a physical examination of a party, but also that an order for such an examination should not be made before trial. In *Gore* v. *Gore* the lower court had made an order for examination before trial before a referee. The Appellate Division reversed as to that, and held that the order should not direct that the depositions of the physician be taken out of court and before trial. The holding was that "An order can be made that the defendant submit to such an examination, to be taken upon and as part of the trial, and the evidence of the surgeons can also be taken as a part of such trial and before the court."

Authority to the same effect may be found in our own state in the unreported opinion of the late Chancellor Walker, while vice-chancellor, in the case of *Butler* v. *Butler* (Docket 29, page 746). The opinion is printed in full in 2 *Herr on "Marriage, Divorce and Separation in New Jersey,"* 1141.

There should be no order, without consent, on a mere petition for the examination of the person of a party before trial where the party denies the charge. The necessity for an examination should clearly appear before an order for an examination of the person of a party is made; and a judgment by the court that there is such necessity can be made only on the trial. It may appear on the trial that the party applying for an examination of the other party has disentitled himself to an examination.

The method of examination by commission is cumbersome, and it calls for expenses to be borne by one or both of the parties which may be partly avoided where an examination is made under an order for examination not followed by the issuance of a commission. A party is not easily able to show the incompetence, the interest, the bias, or the partisanship of a physician where the examination is made under a commission. I am not sure how any of these things may be shown after a report by physicians acting under a commission is made. Probably by exceptions? An examination by commission really makes a physician a judge and not a witness. I think a physician appointed to examine should have no status

or importance beyond that of a witness. Truth is served and the rights of parties are adequately protected by an order with proper provisions. Physicians named or approved by the court should be appointed; and the order should so provide that any physician appointed may be called by either party or by the court for examination on the trial, as a sworn witness. This makes the examination of the party a part of the trial.

A physician appointed by the court to make an examination should take the stand on the trial that he may be examined about his competence, his interest, or his bias. A carefully-appointed physician may become a partisan of a party after he is appointed. I see no reason why an examination should be made, or why it needs to be made, under a formal commission, which calls for a report in writing by the physicians appointed, to which report exceptions may be filed. See *2 Herr's Marriage, Divorce & Separation, forms 146-150.*) The physicians should appear on the trial for oral examination. An order for an examination should provide that any physician making an examination is to appear on the trial to be sworn as a witness to testify not only respecting the examination made by him but respecting his competence, bias and interest. A physician may be appointed who should not have been appointed. The fees to be paid a physician should be fixed by the court. Neither party should be permitted to deal directly with a physician who is appointed or to pay such physician anything more than the sum fixed by the court. The party applying for the examination should pay the sums fixed by the court in the first instance. The court may afterwards, if the examination has been resisted, and depending on all the circumstances, ultimately order otherwise.

The application for a physical examination may be renewed on the trial.